UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**DANA GIBSON,**

                Plaintiff,         9:13-cv-503
                                                       (GLS/TWD)

        v.

**C. ROSATI et al.,**

                Defendants.
_____

## SUMMARY ORDER

Pending are plaintiff *pro se* Dana Gibson's objections to a Report-Recommendation and Order (R&R) issued by Magistrate Judge Thérèse Wiley Dancks, which recommends that partial summary judgment be entered in favor of defendants, (Dkt. Nos. 139, 165, 177), and defendants' appeal of an order, entered November 3, 2015, which precludes defendants from introducing a certain video recording at any trial of this matter as a sanction for the spoliation of evidence, (Dkt. Nos. 128, 132). For the reasons that follow, the R&R is adopted and the order is reversed.

**A.    Objections**

In sum and substance, Gibson contends that Judge Dancks failed to give due consideration to or otherwise misconstrued some of the parties'

briefing, that Gibson's right to privacy in mental health records is clearly established, and that Brown's violation of Gibson's right to privacy is not reasonably related to a legitimate penological purpose. (Dkt. No. 177 at 5, 9, 11-12.) While Gibson's objections are predominantly a regurgitation of earlier-raised arguments, to the extent those arguments constitute specific objections warranting *de novo* review, *see Almonte v. N.Y.S. Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006), they are rejected for the cogent reasons expressed in the R&R, (Dkt. No. 165 at 9-12), and no further discussion is necessary.

**B.** **Appeal**

Defendants appeal from so much of the November 3, 2015 order that precludes them from offering a February 20, 2013 recording at any trial in this matter. (Dkt. No. 132.) As the governing standard requires, *see* 28 U.S.C. § 636(b)(1)(A), defendants contend that the order is clearly erroneous or contrary to law. (*Id.*) As explained by defendants, a video recording of an incident that is the subject of one of Gibson's claims — which involves an incident that allegedly occurred on February 20, 2013 in the mental health observation unit — was preserved and provided to Gibson on May 26, 2015 in the course of discovery (hereinafter "the May

2

DVD"). (Dkt. No. 132, Attach. 2 at 2.) After Gibson complained that the May DVD was incomplete and sought judicial intervention, (Dkt. No. 112), defendants explained that, in an effort to investigate Gibson's claim that the recording was incomplete, they learned that "'approximately [five] seconds at the beginning of the video tape' were inadvertently recorded over." (Dkt. No. 114 at 2.) Defendants confusingly explained that the May DVD "appear[ed] to have been edited . . . to remove" those five seconds. (*Id.*)

Following a telephone conference, Judge Dancks permitted Gibson to file a formal motion seeking sanctions for spoliation of evidence. (Minute Entry of Aug. 27, 2015.) Gibson filed his motion and therein alleged that the lost five seconds contained threats that would support his claim. (Dkt. No. 123, Attach. 1 ¶¶ 15-17.) In response, defendants admitted that five seconds of the recording were lost when they were inadvertently recorded over, but argued that no sanction would be appropriate. (Dkt. No. 126 at 3.) In ruling on Gibson's motion for sanctions because of spoliation, (Dkt. No. 123), Judge Dancks summarily noted that Gibson "made a sufficient showing that [d]efendants had an obligation to preserve the DVD[]; that the DVD[] w[as] materially altered . . .

, and that the DVD[] w[as] relevant to [Gibson]'s claims." (Dkt. No. 128.) As a consequence, Judge Dancks precluded defendants from using the recording at trial. (*Id.*)

When reviewing an appeal from a pretrial non-dispositive motion decided by a magistrate judge, the court will affirm the order unless it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). Under a clearly erroneous standard, a district court can reverse a magistrate judge's order only if the court "'is left with the definite and firm conviction that a mistake has been committed.'" *Gualandi v. Adams*, 385 F.3d 236, 240 (2d Cir. 2004) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Under a contrary to law standard, a district court can reverse a magistrate judge's order only if the order fails to apply the relevant law. *See Olais-Castro v. United States*, 416 F.2d 1155, 1158 n.8 (9th Cir. 1969) ("The term 'contrary to law' means contrary to any existing law.") (citing *Callahan v. United States*, 285 U.S. 515, 517 (1932)). "[M]agistrate judges are afforded broad discretion in resolving non-dispositive disputes and reversal is appropriate only if their discretion is abused." *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D.

87, 90 (S.D.N.Y. 2002).

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). The party seeking a sanction for spoliation must show that: (1) a duty to preserve the evidence existed at the time it was destroyed; (2) the evidence was "destroyed with a culpable state of mind"; and (3) the "evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Twitty v. Salius*, 455 F. App'x 97, 99 (2d Cir. 2012) (internal quotation marks and citation omitted). The necessary showing of culpability, which poses a legal question for the court to decide, is determined *sui generis*, but may be supported by proof of intentional destruction, bad faith, gross negligence, or ordinary negligence. *See Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 109 n.4 (2d Cir. 2002); *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 108 (2d Cir. 2001); *GenOn Mid-Atl., LLC v. Stone & Webster, Inc.*, 282 F.R.D. 346, 358 (S.D.N.Y. 2012).

On appeal, defendants clarify their earlier bungling of the issue at the

heart of their appeal and demonstrate that, despite the fact that a prison employee accidentally recorded over a short portion of the beginning of the recording contained on the May DVD when he reviewed it on June 2, 2015, the unaltered May DVD still exists and is readily available to Gibson for his use at trial. (Dkt. No. 132, Attach. 2 at 4-5; Defs.' Exs. 1, 2.) Accordingly, on the record now before the court, clarified as it has been by defendants, Gibson has failed to carry his burden of demonstrating the loss of evidence such that any sanction would be appropriate. The court recognizes that Judge Dancks was disadvantaged by counsel's failure to clearly present the issue and similarly acknowledges that the record now before the court is different than what was before Judge Dancks. For that reason, it would be appropriate to vacate the order and remand it for further consideration of the fuller record. Because the court sees no reason to unnecessarily shift that task to Judge Dancks, it declines to remand. Accordingly, for the reasons explained above, the November 3, 2015 order, (Dkt. No. 128), is vacated in part and Gibson's motion, (Dkt. No. 123), is denied insofar as it sought a sanction related to the February 20, 2013 recording. For the sake of clarity, defendants are not precluded from using the unaltered recording of the February 20, 2013 incident at any trial of this matter.

6

Accordingly, it is hereby

**ORDERED** that Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation and Order (Dkt. No. 165) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion for partial summary judgment (Dkt. No. 139) is **GRANTED**, all claims asserted against Brown are **DISMISSED** and the Clerk shall terminate her from this action; and it is further

**ORDERED** that the November 3, 2015 order (Dkt. No. 128) is hereby **VACATED** to the extent that it precluded defendants from using the February 20, 2013 recording at any trial of this matter; and it is further

**ORDERED** that Gibson's "motion for spoliation" (Dkt. No. 123) is **DENIED** insofar as it sought a sanction related to the February 20, 2013 recording; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

September 27, 2016
Albany, New York

Gary L. Sharpe
U.S. District Judge